In re ANDERSON PIPELINE COMPANY, Debtor. (Three Cases)

In re ANDERSON RESOURCES CORPORATION; Anderson Petroleum, a/k/a Colorado Anderson Petroleum, Inc. and Anderson Pipeline Company, Debtors.

Robert C. LYON, Creditor/Appellant,

v.

ANDERSON PIPELINE COMPANY, Debtor/Appellee. (Four Cases)

Civ. A. Nos. 86–M–2491 to 86–M–2493; Civ. A. No. 87–M–463; Bankruptcy No. 85–B–5351–J; Bankruptcy Nos. 85–B–5349–J to 85–B–5351–J.

United States District Court,
D. Colorado.

June 24, 1987.

Vicki S. Porter, Maria J. Flora, Denver, Colo., Robert F. Maris, Richard A. McKinney, Dallas, Tex., for creditor/appellant.

James P. Rouse, Denver, Colo., for debtor/appellee.

## MEMORANDUM, OPINION AND ORDER

MATSCH, District Judge.

These bankruptcy appeals all concern the confirmation of a plan of reorganization of the debtors which is a liquidating plan involving the sale of assets consisting of gas wells and the gas pipeline system connect-

ed with those wells. The issues in what have been designated in this court as numbers 86–M–2491, 86–M–2492, and 86–M–2493 are all merged into civil action number 87–M–463. That results because the plan of reorganization was modified to permit performance of the confirmed plan even though an appeal is pending on the determination that the claim of Robert C. Lyon is unsecured. The appeal is pending in the Tenth Circuit Court of Appeals.

■ The appellant, Robert C. Lyon, contends that the Order Approving Amendment to the First Amended Joint Plan of Reorganization, entered March 18, 1987, violates the provisions of 11 U.S.C. § 1129(b)(1) which requires that a plan not discriminate unfairly and that it be fair and equitable. That contention is based on the assumption that Robert C. Lyon may be determined to be a secured creditor by the reversal of the bankruptcy judge's order and this court's affirmance thereof, the matter pending before the circuit court. It is this court's view that the appellant is incorrect in this assertion. Under the Bankruptcy Code the protection against a reversal of an order invalidating a lien on a secured claim is a stay of order on appropriate conditions to protect against losses incurred as a result of the delays attendant upon the appeal. The burden of obtaining such a stay is on the creditor, not the debtors. Accordingly, a plan of reorganization does not require provision for the possibility of the reversal of order of invalidation. On this ground, the bankruptcy judge's order of March 18, 1987, should be affirmed.

■ A different question is presented by the appellant's motion for stay filed in this court on June 16, 1987. At the hearing held on June 23, 1987, on that motion, and the argument on the issues on appeal, the appellant offered to submit evidence, including expert testimony, concerning the risk of loss of value for the time expected to be taken for the appeal. This court rejected the request to hear evidence and concluded that such evidence should be heard by Bankruptcy Judge Brumbaugh. While the bankruptcy judge previously or-

dered that a stay would be granted only upon the filing of a $3,000,000.00 bond, there are no findings of fact to support that determination. Indeed, it is apparent that the bankruptcy judge used the total value of the property of all of the debtors and relied upon the evidence presented in the hearings on confirmation of the plan of reorganization. The issue on the stay is not the total value of the property, but the amount of anticipated damage to the debtors and the secured creditors affected by the stay of performance of the plan of reorganization pending the appeal. That matter has not been presented to or considered by the bankruptcy judge. It is this court's view that the motion for stay should be remanded to Bankruptcy Judge Brumbaugh with direction to hold an evidentiary hearing and make a determination thereon within 10 days from the date of this Order. Accordingly, it is

ORDERED that the appeals designated as Civil Action 86–M–2491, Civil Action No. 86–M–2492, and Civil Action No. 86–M–2493 are dismissed as moot and that the bankruptcy judge's Order Approving the Amendment to First Amended Joint Plan of Reorganization is affirmed. It is

FURTHER ORDERED that the Motion for Stay of Order Pending Appeal is referred to Bankruptcy Judge Ronald J. Brumbaugh with direction that an evidentiary hearing be conducted within 10 days to determine the amount of a supersedeas bond based upon findings of fact concerning the losses which may be expected from the delay in performance of the plan as a result of a stay pending appeal and it is

FURTHER ORDERED that the performance of the plan is stayed pending that hearing.